UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANCE MICHAEL STAMPFLI,

    Plaintiff,

v.

PACCAR, INC. d/b/a KENWORTH TRUCK COMPANY and WISCONSIN KENWORTH, LLC d/b/a WISCONSIN KENWORTH,

    Defendants.

Case No.:   17-CV-751

Portage County Case No.:   17-CV-256

---

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WISCONSIN

The Notice of Removal of the defendant, PACCAR, Inc. d/b/a Kenworth Truck Company ("PACCAR"),[1] respectfully shows as follows:

    1.    On the September 8, 2017, an action was commenced against PACCAR in the Circuit Court for the State of Wisconsin, in and for the County of Portage, entitled *Stampfli v. Paccar, Inc. et al.*, Case No. 17-CV-256 by the filing of the Summons and Complaint with the Clerk of Courts for Portage County, a copy of which is attached as **Exhibit A**.

    2.    Upon information and belief, the Summons and Complaint was served upon PACCAR on or about September 8, 2017, and the Summons and Complaint was served upon the defendant, Wisconsin Kenworth, LLC d/b/a Wisconsin Kenworth ("Wisconsin Kenworth") on or

---

[1] In the complaint, the plaintiff refers to the defendant, PACCAR, Inc. d/b/a Kenworth Truck Company, herein referred to as PACCAR, as "Kenworth," and the defendant, Wisconsin Kenworth, LLC d/b/a Wisconsin Kenworth, herein referred to as Wisconsin Kenworth, as the "Dealer". *See* Ex. A.

about September 12, 2017. Responsive pleadings were served by efiling on September 25, 2017, a copy of which is attached as **Exhibit B**.

3. A copy of the other process, pleadings, and orders that have been served in the Circuit Court of Portage County by efiling, as of the date of this notice, is attached as **Exhibit C**.

4. The action is a civil action over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1441. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the dispute is between citizens of different states and the matter in controversy allegedly exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interests and costs, as more fully appears from the plaintiff's complaint. Sufficient grounds exist for removal of the action to this court from the Circuit Court of Portage County.

5. As discussed below, Wisconsin Kenworth's citizenship is irrelevant for diversity purposes and should be disregarded because plaintiff fraudulently joined it as a party for the sole purpose of defeating diversity of citizenship in this case.

6. Pursuant to 28 U.S.C. § 1446(b), removal of this action is timely as it is filed within thirty days of service upon both defendants.

7. Venue properly lies in the Western District of Wisconsin because the plaintiff's claims arise out of the motor vehicle purchase contract that was entered in Portage County, Wisconsin, and the plaintiff initially commenced this action in the Circuit Court of Portage County.

8. Consent to this removal by Wisconsin Kenworth is unnecessary as it was improperly joined. *See, e.g.,* **Emrich v. Touche Ross & Co.**, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

## THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

### Diversity of Citizenship

9. Upon information and belief, the plaintiff, Lance Michael Stampfli, was at the time this action was commenced, and still is, domiciled in the State of Wisconsin with a last known address of 4617 Heffron Street, Stevens Point, Wisconsin 54481.

10. The defendant, PACCAR, was at the time this action was commenced, and still is, incorporated under the laws of the State of Delaware, with a principal place of business in Bellevue, Washington.

11. The defendant, Wisconsin Kenworth, was at the time this action was commenced, and still is, a limited liability company organized in the State of Wisconsin, with a principal place of business in Madison, Wisconsin. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all its members. *See, e.g.,* ***Wise v. Wachovia Sec., LLC***, 450 F.3d 265, 267 (7th Cir. 2006) The sole member of Wisconsin Kenworth was at the time this action was commenced, and still is, CSM Companies, Inc. CSM Companies, Inc. was at the time this action was commenced, and still is, incorporated under the laws of the State of Wisconsin, with a principal place of business in Madison, Wisconsin. However, as discussed below, the court should disregard the citizenship of Wisconsin Kenworth because it was fraudulently joined.

### Amount in Controversy

12. Plaintiff alleges that he and Wisconsin Kenworth entered a contract for the purchase and sale of a truck for the purchase price of $193,925.00, that PACCAR and Wisconsin Kenworth furnished the plaintiff with certain written warranties, that the truck was not free from defects and contained warrantable failures, that the plaintiff gave notice of breach of warranties,

that PACCAR and Wisconsin Kenworth have not remedied or repaired the warrantable failures or breach of warranties, and that the breach of warranties has caused damage to the plaintiff. A copy of the motor vehicle purchase contract (the "Contract") is attached as **Exhibit 1** to the Affidavit of Jeffrey S. Fertl filed with this notice.

13. In the plaintiff's ad damnum clause, no specific monetary amount is alleged. The claim for damages is as follows:

> [T]he Plaintiff is entitled to compensatory damages consisting of the reasonable cost of the repair or replacement of such Warrantable Failures. WHEREFORE, the plaintiff, Lance Michael Stampfli, demands judgment against the defendants PACCAR, Inc., d/b/a Kenworth Truck Company, and against Wisconsin Kenworth, LLC, d/b/a Wisconsin Kenworth, for the reasonable costs of the repair and replacement of such Warrantable Failures, and for the Plaintiff's taxable attorney's fees, costs and disbursements.

14. As reflected above, the plaintiff's claim seeks recovery of the reasonable costs of the repair or replacement of the alleged warrantable failures, and the vehicle had a base purchase price of $193,925.00. (Fertl Aff., ¶ 2, Ex. 1, and ¶ 3.) Thus, the plaintiff seeks $193,925.00, as well as attorney's fees and costs.

15. While PACCAR denies that it is liable to the plaintiff for any of the alleged damages, the plaintiff is seeking damages in excess of the jurisdictional limit of $75,000.00.

**DEFENDANT, WISCONSIN KENWORTH, IS FRAUDULENTLY JOINED**

16. The plaintiff is not permitted to name a nondiverse defendant for the sole purpose of destroying diversity jurisdiction. *See* ***Schwartz v. State Farm Mut. Auto Ins. Co.***, 174 F.3d 875, 878 (7th Cir. 1999). The joinder is considered fraudulent, and therefore, disregarded, if the diverse defendant shows that there is no "reasonable possibility" a state court would rule against the nondiverse defendant. *See **id**.*; *see also* ***Poulos v. Naase Foods, Inc.***, 959 F.2d 69, 73 (7th Cir. 1992).

17. The fraudulent joinder doctrine permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse defendants, and retain jurisdiction. *See* **Schur v. L.A. Weight Loss Ctrs., Inc.**, 577 F.3d 752, 763 (7th Cir. 2009).

18. Fraudulent joinder is based on an analysis of the causes of action set forth in the complaint at the time of removal. The district court applies state law to determine whether the plaintiff has any reasonable probability of success against the nondiverse defendant. *See* **Poulos**, 959 F.2d at 73-74.

19. The allegations of the complaint involving Wisconsin Kenworth are that the plaintiff and Wisconsin Kenworth entered the Contract to buy and sell a 2017 Kenworth model t880 truck for $193,925.00; that PACCAR and Wisconsin Kenworth furnished the plaintiff with certain written warranties (the "Warranties"); that the Warranties were entered by both PACCAR and Wisconsin Kenworth; that the Truck was not free from defects in materials and factory workmanship, that the warrantable failures constitute breach of the Warranties that were furnished to the plaintiff, that the plaintiff has given notice of the warrantable failures and breach of warranty, and that PACCAR and Wisconsin Kenworth have not remedied or repaired the warrantable failures and breach of warranty.

20. The plaintiff's complaint appears to allege only a claim for breach of express warranty. As set forth below, the plaintiff has no reasonable probability of success against Wisconsin Kenworth for breach of express warranty.

21. The plaintiff's complaint does not allege a claim under Wisconsin's lemon law or breach of any implied warranties. Nevertheless, to the extent that the court evaluates these claims under its fraudulent joinder analysis, the plaintiff also has no reasonable probability of success

against Wisconsin Kenworth under Wisconsin's lemon law or for breach of implied warranty, as set forth below.

### Breach of Express Warranty

22.  The plaintiff alleges that PACCAR and Wisconsin Kenworth furnished him with the Warranties, including a Kenworth Truck Company Limited Warranty (Class 8 Standard Service (On-Highway) Warranty) and a PACCAR Engine Limited Warranty (PACCAR Mixed Warranty). The plaintiff further alleges that although the Contract recited that Wisconsin Kenworth is not a party to any manufacturer warranty, the Warranties were entered by both PACCAR and Wisconsin Kenworth and recite "This Limited warranty is the sole warranty made by PACCAR and the Sealing Dealer."

23.  The Contract provides as follows, in pertinent part:

> Dealer is not a party to any manufacturer warranties. …
>
> **WARRANTY & SERVICE CONTRACT INFORMATION**
>
> Refer to separate document for coverages and exclusions. Dealer disclaims implied warranties of merchantability and fitness for a particular purpose.
>
> **AS IS – NO WARRANTY**
>
> Unless "Dealership" is checked under Limited Extended Warranty, this vehicle is sold AS IS and the dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle.
>
> …
>
> **Manufacturer Warranty Information** (Dealer is not a party to any manufacturer warranty)
>
> …

(Fertl Aff., ¶2, Ex. 1.) "Dealership" is not checked under Limited Extended Warranty. (Id.)

24.  The Kenworth Truck Company Limited Warranty Agreement states as follows, in pertinent part:

300505622v1 1001353

> **PLEASE READ THIS LIMITED WARRANTY CAREFULLY.**
>
> Kenworth warrants directly to you ….
>
> **WARRANTY DISCLAIMER AND LIMITATIONS OF LIABILITY**
>
> **This limited warranty is the sole warranty made by Kenworth and the Selling Dealer. Except for the above limited warranty, Kenworth and the Selling Dealer make no other warranties, express or implied.** PACCAR AND THE SELLING DEALER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY OR WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. …

The warranty refers to the "Kenworth Truck Company," which is PACCAR, as "Kenworth." The warranty is attached as **Exhibit 2** to the Affidavit of Jeffrey S. Fertl filed with this notice.

25.     The PACCAR Engine Limited Warranty Agreement states as follows, in pertinent part:

> **PLEASE READ THIS LIMITED WARRANTY CAREFULLY.**
>
> PACCAR warrants directly to you ….
>
> **WARRANTY DISCLAIMER AND LIMITATIONS OF LIABILITY (ENGINE AND EMISSIONS)**
>
> **This limited warranty is the sole warranty made by PACCAR and the Selling Dealer. Except for the above limited warranty, PACCAR and the Selling Dealer make no other warranties, express or implied.** PACCAR AND THE SELLING DEALER EXPRESSLY DISCLAIM ANY WARRANTY OF MERCHANTABILITY OR WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. …

The warranty is attached as **Exhibit 3** to the Affidavit of Jeffrey S. Fertl filed with this notice.

26.     Under the United Commercial Code (the "UCC"), a buyer may recover reasonable damages for breach of an express warranty in contracts for the sale of goods. *See* W.S.A. § 402.313.

7

27.  Wisconsin Kenworth issued no express warranty to the plaintiff. The plaintiff's allegation that the Warranties were entered by both PACCAR and Wisconsin is contrary to the plain language of the Contract and Warranties. As the plain language of the Contract and Warranties establishes, the Warranties provided to the plaintiff were issued and sold by PACCAR. (Fertl Aff., ¶ 2, Ex. 1; ¶ 5, Ex. 2; and ¶ 6, Ex. 3.) Wisconsin Kenworth did not enter into the Warranties with the plaintiff, and, rather, the Warranties were between PACCAR and the plaintiff. Wisconsin was merely a conduit between the parties to the Warranties. However, "[t]he mere delivery, presentation or explanation of a manufacturer's warranty, without more, does not render a dealer a co-warrantor." ***Larry J. Soldinger Assocs. v. Aston Martin Lagonda of N. Am., Inc.***, 1998 U.S. Dist. LEXIS 3988, at *6-7 (N.D. Ill. 1998); *see also* ***Goudy v. Yamaha Motor Corp.***, 2010 WI App 55. 324 Wis. 2d 441, 782 N.W.2d 114 (determining that, although a dealer sold a service contract to the plaintiff, the dealer was not a party to the service contract pursuant to the contract's express language).

28.  The plaintiff has no reasonable probability of success against Wisconsin Kenworth for breach of express warranty. As a matter of law, the plaintiff cannot recover from Wisconsin Kenworth for breach of express warranty.

### Breach of Implied Warranty

29.  The UCC also enables a buyer to recover reasonable damages for breach of an implied warranty in contracts for the sale of goods. *See* W.S.A. §§ 402.314 (implied warranty of merchantability); 402.315 (implied warranty of fitness for purpose).

30.  The implied warranties of merchantability and of fitness for purpose may be excluded by a conspicuous disclaimer. *See* W.S.A. §§ 402.316(2). For the implied warranty of merchantability to be disclaimed, the term merchantability must be expressly mentioned. *See id.*

300505622v1 1001353

Moreover, all implied warranties are excluded by the expression "as is." *See* W.S.A. §§ 402.316(3)(a).

31. Wisconsin Kenworth disclaimed all implied warranties in the Contract, which was a conspicuous writing. (Fertl Aff., ¶ 2, Ex. 1.)

32. The plaintiff has no reasonable probability of success against Wisconsin Kenworth with a claim of breach of implied warranty. As a matter of law, the plaintiff cannot recover from Wisconsin Kenworth for breach of implied warranty.

### Wisconsin's Lemon Law

33. The Wisconsin lemon law, Section 218.0171, *Wis. Stat.* (the "Lemon Law"), is a remedial statute enacted to "improve auto manufacturers' quality control" and reduce the inconvenience to lemon owners. **Hughes v. Chrysler Motor Corp.**, 197 Wis. 2d 973, 982, 542 N.W.2d 148 (1996). One purpose of the Lemon Law is to provide an incentive "for a manufacturer to put the purchaser of a new car back to the position the purchaser thought he or she was in at the time they bought the care." *Id*. at 976.

34. The Lemon Law allows a consumer to bring an action against a manufacturer following that manufacturer's violation of the statute. W.S.A. § 218.0171(7); *see also* W.S.A. § 218.0171(2)(a) (requiring the consumer to report the alleged nonconformity to invoke the protections under the statute); W.S.A. § 218.0171(2)(b)1 (indicating that once an alleged nonconformity is not repaired, the manufacturer "shall carry out" the statute's requirements). Therefore, whether a party is a manufacturer under the Lemon Law determines whether a Lemon Law claim can be brought against that party.

35. The terms manufacturer and motor vehicle dealer are expressly defined under the Lemon Law:

300505622v1 1001353

> (c) "Manufacturer" means a manufacturer as defined in s. 218.0101(20) and agents of the manufacturer, including an importer, a distributer, factory branch, distributor branch and any warrantors of the manufacturer's motor vehicles, <u>but not including a motor vehicle dealer</u>.
>
> …
>
> (e) "Motor vehicle dealer" has the meaning given under s. 218.0101(23)(a).

W.S.A. § 218.0171(1)(c), (e) (emphasis added). Section 218.0101, *Wis. Stat.*, provides as follows, in pertinent part:

> (20) "Manufacturer" means any person, resident or nonresident, who does any of the following:
>
> (a) Manufactures or assembles motor vehicles.
>
> (b) Manufactures or installs on previously assembled truck chassis, special bodies or equipment which when installed form an integral part of the motor vehicle and which constitutes a major manufacturing alteration and which completed unit is owned by the manufacturer.
>
> …
>
> (23) (a) "Motor vehicle dealer" means any person, firm or corporation, not excluded by par. (b) who:
>
> 1. For commission, money or other thing of value, sells, leases, exchanges, buys, offers or attempts to negotiate a sale, consumer lease or exchange of an interest in motor vehicles; or
>
> 2. Is engaged wholly or in part in the business of selling or leasing motor vehicles, including motorcycles, whether or not the motor vehicles are owned by that person, firm or corporation.
>
> (b) The term "motor vehicle dealer" does not include:
>
> 1. Receivers, trustees, personal representatives, guardians, or other persons appointed by or acting under the judgment or order of any court.
>
> 2. Public officers while performing their official duties.

> 3. Employees of persons, corporations or associations enumerated in subds. 1. and 2., when engaged in the specific performance of their duties as employees of the enumerated persons, corporations or associations.
>
> 218.0101(23)(b)4. 4. Sales finance companies or other loan agencies who sell or offer for sale motor vehicles repossessed or foreclosed on by those sales finance companies or other loan agencies under terms of an installment contract, or motor vehicles taken in trade on such repossessions.
>
> 5. Sales finance companies when engaged in purchasing or otherwise acquiring consumer leases from a motor vehicle dealer, or in renegotiating consumer leases previously purchased or otherwise acquired by them.

W.S.A. § 218.0101(20), (23)(a). Thus, the definition of manufacturer expressly excludes motor vehicle dealers. W.S.A. § 218.0171(1)(c).

36.   Wisconsin Kenworth does not meet the definition of manufacturer under the Lemon Law because it is a motor vehicle dealer. Wisconsin Kenworth has vehicles on its premises that it offers for sale to consumers, and it is involved in negotiating the sale of an interest in those vehicles. (Fertl Aff., ¶ 2, Ex. 1, and ¶ 4.) Because Wisconsin Kenworth meets the statutory definition of motor vehicle dealer, which is expressly excluded under the definition of manufacturer, and because the statute allows consumers to bring suit only against manufactures, Wisconsin Kenworth cannot be subject to liability under the Lemon Law.

37.   The plaintiff has no reasonable probability of success against Wisconsin Kenworth under the Wisconsin lemon law. As a matter of law, the plaintiff cannot recover from Wisconsin Kenworth under the Wisconsin lemon law.

## **NOTICE OF FILING**

38.   In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the plaintiff's counsel and filed with the Clerk of Courts for Portage County, following the filing of this notice.

WHEREFORE, defendant, PACCAR, Inc. d/b/a Kenworth Truck Company, requests that the above action now pending against it in the Circuit Court for the State of Wisconsin, in and for Portage County, be removed to the United States District Court for the Western District of Wisconsin.

Dated this 2nd day of October, 2017.

/s/ Jeffrey S. Fertl
Jeffrey S. Fertl
State Bar No. 1014806
Mollie T. Kugler
State Bar No. 1093318
Attorneys for Defendants
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address: jfertl@hinshawlaw.com
mkugler@hinshawlaw.com