FILED
09-05-2017
Circuit Court
Portage County
2017CV000256

| STATE OF WISCONSIN | CIRCUIT COURT | PORTAGE COUNTY |
|---|---|---|

LANCE MICHAEL STAMPFLI,
4617 Heffron Street
Stevens Point, Wisconsin 54481

    Plaintiff,

v.

PACCAR, INC.
d/b/a Kenworth Truck Company
777 106th Avenue NE
Bellevue, WA 98004

WISCONSIN KENWORTH, LLC
d/b/a Wisconsin Kenworth
5100 Eastpark Blvd., Ste. 210
Madison, Wisconsin 53718-2149

    Defendants.

CASE NO: 17-CV-
CODE NO: 30303

---

### SUMMONS

---

**THE STATE OF WISCONSIN**, To each party named as a Defendant:

    **YOU ARE HEREBY NOTIFIED** that the plaintiff filed a lawsuit or other legal action against you. The complaint of plaintiff, which is attached, states the nature and basis of the legal action.

    Within 20 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is:

        Clerk of Circuit Court
        Portage County Courthouse
        1516 Church Street
        Stevens Point, WI 54481-3501

1

### EXHIBIT A

and to plaintiff's attorney whose address is:

>Buzza Dreier & Johnson LLC
>2925 Post Road
>Stevens Point, WI 54481

You may have an attorney help or represent you.

If you do not provide a proper answer within 20 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 5th day of September, 2017.

BUZZA DREIER & JOHNSON LLC

By: _____
Gary L. Dreier Attorneys for
Plaintiff, Lance Michael Stampfli
State Bar No. 1016656

2925 Post Road
Stevens Point, WI 54481
(715) 997-9080
(715) 997-3196 fax

2

FILED
09-05-2017
Circuit Court
Portage County
2017CV000256

| | | | |
|---|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | PORTAGE COUNTY | |

LANCE MICHAEL STAMPFLI,
4617 Heffron Street
Stevens Point, Wisconsin 54481

    Plaintiff,

v.

PACCAR, INC.
d/b/a Kenworth Truck Company
777 106th Avenue NE
Bellevue, WA 98004

WISCONSIN KENWORTH, LLC
d/b/a Wisconsin Kenworth
5100 Eastpark Blvd., Ste. 210
Madison, Wisconsin 53718-2149

    Defendants.

CASE NO: 17-CV-
CODE NO: 30303

## COMPLAINT

    **NOW COMES** the plaintiff, Lance Michael Stampfli, by his attorneys, Buzza Dreier & Johnson LLC by Gary L. Dreier, and for his Complaint alleges as follows:

### PARTIES

    1.    The plaintiff, Lance Michael Stampfli (herein the "Plaintiff"), is an adult with a residence address of 4617 Heffron Street, Stevens Point, WI 54481.

    2.    The defendant, PACCAR, Inc. (herein "Kenworth"), upon information and belief, is a foreign business corporation licensed to do business in the State of Wisconsin with its principal office located at 777 106th Avenue NE., Bellevue, WA 98004; upon information and

1

belief, Kenworth does business under the firm name of "Kenworth Truck Company" and/or "Kenworth Truck" in the State of Wisconsin and elsewhere; the registered agent for Kenworth is the Prentice–Hall Corporation System, Inc., 8040 Excelsior Dr., Suite 400 Madison, WI 53717.

3. The defendant, WISCONSIN KENWORTH, LLC (herein the "Dealer"), is a Wisconsin limited liability company whose principal office is located at 5100 Eastpark Blvd., Suite 210, Madison, WI 53718-2149; upon information and belief, the Dealer does business on occasion under the firm name of "Wisconsin Kenworth" at 1354 Old Hwy. 51, Mosinee, WI 54455 and elsewhere; the registered agent for the dealer is Gregory C. Collins, E. Mifflin St., Suite 200, Madison, WI 53703-4269.

4. The Motor Vehicle Purchase Contract alleged in paragraph 5 below was entered in Portage County, Wisconsin; payment for the Truck identified in paragraph 5 below was made in Portage County, Wisconsin, and such Truck was delivered to the Plaintiff in Portage County, Wisconsin; upon information and belief, both Kenworth and the Dealer do substantial business in Portage County, Wisconsin.

## PURCHASE OF THE TRUCK AND WARRANTIES

5. In 2016, the Plaintiff and the Dealer entered a Motor Vehicle Purchase Contract under which the Plaintiff agreed to buy and Wisconsin Kenworth agreed to sell a year 2017 Kenworth model t880 truck (herein the "Truck") for the purchase price of $193,925.00.

6. Upon information and belief, Kenworth manufactured and/or distributed the Truck.

7. The Plaintiff took delivery of the Truck from the Dealer on September 6, 2016.

8. In connection with sale of the Truck, Kenworth and the Dealer furnished the Plaintiff with certain written warranties (herein "Warranties") including a Kenworth Truck

2

Company Limited Warranty (Class 8 Standard Service (On–Highway) Warranty), and a PACCAR Engine Limited Warranty (PACCAR MX Warranty) which included Engine Extended coverage; although the Motor Vehicle Purchase Agreement alleged in paragraph 5 above recited the Dealer is not a party to any manufacturer warranty, the Warranties were entered by both Kenworth and by the Dealer and recite "This Limited warranty is the sole warranty made by PACCAR and the Selling Sealer.[The "Dealer].

9. The Warranties provide, among other things that plaintiff's sole and exclusive remedy against Kenworth and the Selling Dealer is limited to the repair or replacement of "Warrantable Failures" of the Truck at an authorized Kenworth dealer subject to time and mileage limitations contained in such Warranties.

10. Upon information and belief, the Truck as purchased by the Plaintiff was not free from defects in materials and factory workmanship ("Warrantable Failures") and contained Warrantable Failures in the following respects:

A. The Truck's steering wheel is not straight.

B. The Truck drifts right or left when it should proceed straight. The Truck pulls to the right by itself, especially when its tag axles are down and the Truck is braking.

C. Power takeoff. Sometimes the power takeoff does not engage and it does not engage above the third gear.

D. Sometimes the Truck will not exceed approximately 2 mph with the power takeoff is engaged, making it impossible to perform a typical "dump and run" as the Vehicle operates too slowly to perform such maneuver.

E. The Truck's transmission "clunks" between the 7th and 8th years. The transmission sometimes "skips."

F. The Truck's heating system malfunctions and blows cold air when it should blow hot air e.g. with the inside temperature set at 80°, cool air is blown when the outside temperature is 52°.

G. The Truck "clunks" on the right front especially when loaded.

3

H. The Trucks's dashboard and upper console rattles and the seatbelt squeaks at or near the driver post.

I. With foot on the Truck's brake, the Truck won't start and will not engage into gear.

J. The Truck's brakes squeal and will start to grind when moving in reverse and also, on occasion, when going forward.

K. The Truck's shift timing is not synchronized.

L. Sometimes the Truck will not move, requiring moving the lever to "N" and then back to "D" or to manual.

M. If the Truck is stopped and put in "R" and the brakes applied,"R2" displays and "dings" and the vehicle will not move.

11. Upon information and belief, the defects and problems alleged in paragraph 10 above constitute Warrantable Failures under the Warranties and such defects and problems constitute a breach of the Warranties furnished the Plaintiff.

12. The Plaintiff previously gave notice of such Warrantable Failures and breach of warranty by repeatedly communicating with the Dealer, by repeatedly bringing the Truck to the Dealer for repair and by furnishing written notice of breach of warranty to Kenworth and to the Dealer.

13. To date, although afforded many opportunities to do so, Kenworth and the Dealer have not remedied or repaired the Warrantable Failures and the breaches of warranty itemized in paragraph 10 above regarding the Truck; such failure has caused damage to the plaintiff in a sum to be determined by the trier of fact.

14. Upon information and belief, by reason of the fact Kenworth and the Dealer have not repaired or replaced the above Warrantable Failures despite given many opportunities in many requests to do so and despite their obligation to do so under the Warranties, the Plaintiff is

4

entitled to compensatory damages consisting of the reasonable cost of the repair or replacement of such Warrantable Failures.

**WHEREFORE,** the plaintiff, Lance Michael Stampfli, demands judgment against the defendants PACCAR, Inc., d/b/a Kenworth Truck Company, and against Wisconsin Kenworth, LLC, d/b/a Wisconsin Kenworth, for the reasonable cost of the repair and replacement of the Warrantable Failures under the Warranties or, alternatively, for the repair and replacement of such Warrantable Failures, and for the Plaintiff's taxable attorney's fees, costs and disbursements.

Dated this 5th day of September, 2017.

**BUZZA DREIER & JOHNSON LLC**

By: _____
Gary L. Dreier, Attorneys for
Plaintiff, Lance Michael Stampfli
State Bar No: 1016656

2925 Post Rd.
Stevens point WI 54481
Phone: 715.997.9080
Fax: 715.997.3196

*[Stamp: DANE CO CIVIL PROC, SIGNATURE OF SERVER, DATE 9/8/17, TIME 1:30 PM]*